IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS LIGHTHOUSE | § | |
| FOR THE BLIND, INC. | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| FEDERAL SUPPLY SERVICES | § | |
| INTERNATIONAL LLC, AND | § | **JURY DEMAND** |
| GLEN M. BALDRIDGE, INDIVIDUALLY | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

South Texas Lighthouse for the Blind, Inc., as Plaintiff in this cause, complains of Federal Supply Services International LLC, a Delaware Limited Liability Company, and Glen M. Baldridge, Individually, Defendants. Plaintiff would respectfully show:

1.     Plaintiff is a Texas non-profit corporation providing employment opportunities for blind and visually impaired individuals, by providing work that allows individuals with visual disabilities to lead more independent and productive lives. Plaintiff provides these job opportunities through partnerships with public and private employers, including employers within the federal government.

2.     Plaintiff is incorporated in Texas and has its principal offices in Corpus Christi, Nueces County, Texas.

3.     Defendant Federal Supply Services International, LLC ("FSSI"), is a company registered in the state of Ohio and controlled by Defendant Glen M. Baldridge. Defendant FSSI may be served with citation by serving Defendant's registered agent for service of citation at Federal Supply Services International, LLC, Attention: William Rally

Baldrige, 1001 Harrisonville Avenue, New Boston, Ohio 45662; or at Post Office Box 1322, Portsmouth, Ohio 45662; or at 708 Fairground Road, Lucasville, Ohio 45648, or other proper method of service under the Federal Rules or Civil Rules of Civil Procedure. Defendant Glen M. Baldridge may be served with citation individually at the same address or addresses, or at Glen M. Baldridge, An Der Lohmuhle 14, Ober Moerlen, 61239, Frankfurt, Germany, or wherever he may be found.

4.     Defendant Baldridge has failed and refused to make any payment to Plaintiff, despite demand, and is believed to be living in Germany, with some visits to the United States.  His absence from the United States will make it difficult to serve him, and to locate assets in the event of judgment against him.  Public records show that Baldridge has at least one large, uncollected judgment against him.

5.     Jurisdiction is proper in this Court under 28 U.S.C. §1331, because Plaintiff's Complaint and causes of action arise under the laws of the United States, and involve questions of federal law, including 41 U.S.C.S. §3101 *et seq*. and related federal laws and regulations.  Such federal laws and regulations cover federal government acquisitions and the U.S. Government's procurement programs, including government programs to assist disabled workers, such as the Ability One program creating preferences for disabled workers, including those disabled workers employed by Plaintiff.  Jurisdiction is also proper under 28 U.S.C. §1332, diversity jurisdiction, because Plaintiff and Defendants are citizens of different states under 28 U.S.C.S. §1332(a)(1).  Plaintiff is asserting claims arising under federal law and claims arising under the state law of Texas.  The amount in controversy far exceeds the minimum jurisdiction of this Court, or $75,000.  Defendants

availed themselves of the benefits of Texas law by conducting business in Texas, by entering into the underlying agreements in Texas, and by their close association with Plaintiff in Texas.  Plaintiff also invokes the full supplemental jurisdiction of the Court under 28 U.S.C.S. §1367 in aid of the relief sought by Plaintiff for Defendants' wrongful conduct as related to the case brought by Plaintiff against Defendants.

6.     Jurisdiction is also proper under the agreement of the parties; the Asset Purchase Agreement between the parties, under which Plaintiff seeks relief in this proceeding, provides that the parties—including both Defendants—irrevocably consent to the jurisdiction and venue of the United States District Court for the Southern District of Texas, in Nueces County, as the exclusive jurisdiction and venue for all actions related to the parties' agreement.  Further, the parties' Agreement provides that Texas law governs the contractual obligations of the parties.

7.     Venue is also proper in the Southern District of Texas, Corpus Christi Division, by agreement, and because a substantial part of the events, acts, and omissions giving rise to the claims of Plaintiff occurred in this judicial district; specifically, the parties negotiated and signed agreements in Corpus Christi, Texas, and the property and goods at issue in this action were made or assembled or modified in Corpus Christi, by vision-impaired employees of Plaintiff, as part of the U.S. Department of Defense's federal procurement programs.

8.     The subject matter of this action involves procurement contracts with the Government of the United States of America, administered through the General Services Administration and the Department of Defense and the Federal Ability One programs.  The

contracts involve long-term Blanket Purchase Agreements (BPAs) and Multiple Award Schedules (MAS) through which the federal government contracts with private contractors to procure materials and goods to be used by the government.  These contracts are also called supply contracts.  The contracts are enforceable under federal procurement laws, and regulated by such laws, including Federal Acquisition Regulation 8.405-3 and 52.212-4, and General Services Administration Federal Supply Schedule Contract GS-02F-0238X. They are also enforceable under Texas law.

**Breach of Contract**

9.      Generally, in connection with the transaction at issue, Plaintiff and each Defendant entered into contractual obligations, including a written Teaming Agreement and a written Asset Purchase Agreement.  Under the terms of those agreements, and their related agreements to carry out the underlying contracts, each of Defendants sold to Plaintiff all of their rights, title, and interest in supply contracts with the United States government, as well as all goodwill and intellectual property associated with the products to be supplied to the government through the supply contracts.  The agreement of the parties required Defendants to turn over all ownership of the government contracts to Plaintiff, during the course of the dealings with the United States government.  Plaintiff and Defendants contemplated that their agreements would lead to additional contracts that Plaintiff would form with the federal agencies in the future.

10.     Under the agreements between Plaintiff and Defendants, Defendants were not permitted to sell, or solicit the sale, of products or related assets to any governmental body, without the specific authorization of Plaintiff.  In addition, the contracts specified

4

that Defendant Baldridge and his business, Defendant FSSI, would act as consultants to Plaintiff and would serve as Plaintiff's agents in carrying out and furthering Plaintiff's relationship with federal agencies and in relation the procurement contracts.  Because Defendants had greater knowledge, skill, access to individuals within the procurement process, and was greatly more experienced than Plaintiff, Defendants, as the agent of Plaintiff in the procurement arena, the parties agreed that Defendants owed a fiduciary duty to Plaintiff.  Plaintiff justifiably relied on the far greater knowledge and experience of Defendants, and relied on the longstanding relationship of Defendants to the procurement process.  Defendants agreed to be Plaintiff's fiduciary in obtaining the federal procurement contracts, with such contracts to inure to the benefit of Plaintiff.  Defendants agreed to act as Plaintiff's agent and fiduciary to obtain the sale of the products, including future sales of the products under contracts which Defendants agreed to develop, for the exclusive benefit of Plaintiff South Texas Lighthouse for the Blind.  The contracts with the federal government also furthered Defendants' business interests in that Plaintiff compensated Defendants for their services.  Plaintiff paid the consideration due for the sale by initially allowing Defendants to retain a portion of Plaintiff's sales.  Further, Defendants benefitted by its association with Plaintiff, because the United States government and its agencies foster the Ability One program, which is designed to employ individuals with disabilities, including those with visual impairments.  Plaintiff's mission is to employ individuals with visual impairments to perform work and have gainful employment.  The contracts' requirements fulfilled governmental requirements for employing disadvantaged workers.  Defendants sought out Plaintiff because of Plaintiff's mission to employ disadvantaged

workers.   Thus, Plaintiff provided a separate benefit to Defendants, because their association improved the Defendants' standing with the Ability One program and, thus, improved Defendants' business model.  Each of Defendants became the agent of Plaintiff South Texas Lighthouse for the Blind.  The Defendants owed a fiduciary duty to Plaintiff. Defendants had superior knowledge and experience which they agreed to use for the sole benefit of Plaintiff.  Plaintiff paid good and valuable consideration to Defendants for the fiduciary role Defendants agreed to perform.  Thus, for these and other reasons, Defendants owed to Plaintiff, and Defendants continue to owe to Plaintiff, the high duties of that fiduciary and agency relationship which exist at law and in equity, including the duty to act only in Plaintiff's best interests in relation to their business activities.  Defendants' duty to convey the assets to Plaintiff remains until completed.

11.    Plaintiff fully performed its obligations under the parties' agreements. Plaintiff stood ready to perform any act required in furtherance of the agreements. However, despite the completed sale by Defendants to Plaintiff, despite the good and valuable consideration given to Defendants for the sale, despite the numerous, specific warranties given by Defendants to Plaintiff, and despite the high duties owed by Defendants, nevertheless Defendants violated the agreement of the parties in numerous ways.  For instance, Defendants continued to sell the assets that they had sold to Plaintiff, for their own account.  Such action by Defendants amounts to self-dealing by Plaintiff's agent.  Defendants actively concealed and failed to disclose those sales and related activities to Plaintiff, though it was Defendants' duty to fully disclose its dealings to Plaintiff.  Defendants actively competed against Plaintiff in violation of their agreement

6

and their duties.  Such actions were fraudulently concealed by Defendants and were not discovered by Plaintiff, despite reasonable diligence, until only recently, due to the fraudulent concealment by Defendants, and due to the undisclosed absence of Defendant from the United States.  Plaintiff relied to its detriment on Defendants' performance, because Defendants continued to assure such full performance to Plaintiff.

12.     Defendants took advantage of the Plaintiff and its disadvantaged workforce by using Plaintiff's workforce to fulfill its long-term contracts with the United States government and its agencies, including the General Services Administration and the Department of Defense.  The agreements between Plaintiff and Defendants required that Plaintiff do the work, and that Defendant would be paid for Plaintiff's work, for a time, until Defendant received a certain amount; thereafter, after Defendant received the agreed amount, Plaintiff would be paid directly.  However, after Defendants received the agreed consideration, Defendants refused to pay Plaintiff, or to take any action to cause Plaintiff to be paid directly.  Defendants sold to Plaintiff the exclusive right to sell the products to the United States government and other governmental bodies, and the right to receive payments for those products.  However, Defendants retained the payments for the products, and failed to deliver the payments to Plaintiff.

Injunctive Relief

13.     Plaintiff also seeks to enjoin Defendants, both temporarily and permanently, due to their wrongful conduct.  Plaintiff has suffered irreparable harm and continues to suffer irreparable harm, and expects that irreparable harm will continue, if Defendants are not enjoined from their conduct.  Specifically, Defendants acted as Plaintiff's fiduciaries

and agents, and Defendants agreed to procure the contracts for the benefit of Plaintiff, and to make Plaintiff the contractor for ongoing procurement and supply agreements; however, Defendants failed to do so and have fraudulently concealed their failure to do so.  Plaintiff has been deprived in the past of the promised ability to benefit the disadvantaged workers of South Texas.  Plaintiff has been deprived of Defendants' special access to the federal procurement process, which he contracted to provide to Plaintiff, as part of his sale agreement and his agreement to act as Plaintiff's agent and fiduciary.  Plaintiff has been deprived of the benefits of the promised business relationship with representatives within the United States government.  Defendant Baldrige has established a residence in Germany, and is living mostly or frequently outside the United States.  It is believed that Defendants have removed substantial assets from the United States, without disclosing that fact to Plaintiff, but instead actively concealing it.  Plaintiff seeks injunctive and other equitable relief to ensure that Defendants' assets remain subject to collection and to the jurisdiction of this Court.  Additionally, the injury inflicted on Plaintiff, if Defendants are not enjoined, would be greater than any harm suffered by Defendants if they are enjoined. Further, the issuance of injunctive relief will not disserve the public interest.

  Declaratory Judgment

  14. Plaintiff also seeks declaratory relief and associated relief, and requests that the Court declare the rights and legal relations of Plaintiff as to Defendants, and that the Court award all associated relief, on a continuing basis, as proper under the facts and law, under 28 U.S.C. §§2201 and 2202.  Plaintiff also seeks disgorgement of the illicit profits and income and other which have come to Plaintiff, and disgorgement of all proceeds due

to Plaintiff under the contractual agreements between Plaintiff and Defendants, due to Defendants' illegal conduct.

15.    For the reasons stated above, Plaintiff also seeks an Order from the Court imposing a constructive trust on the funds Defendants have received and are in Defendants' possession or subject to Defendants' possession, as well as a constructive trust on future payments directed to Defendants under the contracts at issue.  A constructive trust is proper because Defendant Baldridge has and had a relationship of special trust and confidence with Plaintiff, and Baldridge is a principal in Defendant FSSI.  Plaintiff alleges and will prove that Defendants breached their duties to Plaintiff.  By keeping the receipts from their dealings with the federal government, which Defendants promised to undertake to receive as the trusted agent and fiduciary of Plaintiff, and pay to Plaintiff, Defendants have been unjustly enriched by their wrongful conduct.  The funds from the contracts are identifiable through government records as well as Defendants' records, and are further identifiable by reference to specific payments for specific items from the procurement process. Defendants appear to have significant assets in a foreign country, Germany, where the assets in question will be difficult to reach.  Plaintiff seeks a constructive trust on Defendants' income from its illegal conduct, which is the amount due under the contracts. Plaintiff also seeks an Order directing or authorizing the federal procurement entities and agencies and payors to forward all future payments from the subject relationships to Plaintiff, or in the alternative to a fiduciary third party, rather than to Defendants.

16.    Defendants have, by their actions as generally described above, breached the parties' agreements, have breached their fiduciary duty and their duty of serving as

Plaintiff's agent, both as owed by their agreement and at law and equity. Defendants have willfully concealed and falsely represented material facts which they had a duty to disclose, as described herein, which amounts to fraud and fraudulent concealment. Plaintiff has been deprived of information relating to the activities of its agent, and has been deprived of the amounts due under the parties' agreements.

17.     As a result of all the illegal and wrongful acts of Defendants, Plaintiff seeks all damages and all relief available at law and equity to fully address Defendants' conduct as generally described in this Complaint, including actual and compensatory damages.  In addition, Plaintiff seeks punitive damages against each Defendant.

18.     Plaintiff is entitled to an award of its costs and attorney's fees, under Texas law governing actions for payment on a debt; and under Texas law seeking a declaratory judgment; and under other legal remedies that may be asserted supporting an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff South Texas Lighthouse for the Blind respectfully prays that Defendants be cited to appear, and that the Court grant Plaintiff all relief to which Plaintiff may show itself entitled, at law and in equity, including interim injunctive relief and imposition of a constructive trust; and including final judgment on the merits against each Defendant, wholly and severally, for damages suffered by Plaintiff due to Defendants' breach of contract, breach of agency, breach of fiduciary duty, benefit of the bargain, declaratory relief regarding ownership of the assets conveyed by Defendants to Plaintiff and the full enjoyment of the assets, including all rights thereto, all income due to Plaintiff from sales, all rights and relations under contracts, BPAs, and

MAS with the United States Government in relation to the assets conveyed by Defendants; and such other and further relief to which Plaintiff may show itself entitled as pleaded herein and as permitted at law and in equity.  Plaintiff respectfully requests a trial by jury.

Respectfully submitted,
**WOOD, BOYKIN & WOLTER, P.C.**
Of Counsel

By: */s/ Frederick J. McCutchon*
Frederick J. McCutchon
**Attorney in Charge**
Federal I.D. No. 9245
State Bar No. 13512800
Daniel O. Gonzalez
Federal I.D. No. 753307
State Bar No. 24051691
615 N. Upper Broadway, Suite 1100
Corpus Christi, Texas 78477
(361) 888-9201
(361) 888-8353 (facsimile)
fjm@wbwpc.com

**ATTORNEYS FOR PLAINTIFF**
**SOUTH TEXAS LIGHTHOUSE FOR THE**
**BLIND**

3886-10\Pleadings\19 Plaintiff's Original Complaint 0716-24-29