IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SOUTH TEXAS LIGHTHOUSE § <br> FOR THE BLIND, INC. § <br> § <br> v. § <br> § <br> FEDERAL SUPPLY SERVICES § <br> INTERNATIONAL LLC, AND § <br> GLEN M. BALDRIDGE, INDIVIDUALLY § | Civil Action No. 2:19-cv-0193 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ADEQUATELY PLEAD SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

South Texas Lighthouse for the Blind, Inc. ("Plaintiff") hereby responds to Federal Supply Services International LLC's and Glen M. Baldridge's ("Defendants") Motion to Dismiss for Failure to Adequately Plead Subject Matter Jurisdiction. (D.E. 5). In opposition to said motion, Plaintiff states as follows:

### I. BACKGROUND

1. This case involves Defendants' breaches of promises to secure procurement contracts with the U.S. Government for the benefit of both Plaintiff and Defendants, as well as for the visually impaired workers employed Plaintiff. Specifically, Defendants promised to use their expertise in contracting with the Department of Defense, to secure federal government contracts for Plaintiff. Defendants had procurement contracts for supplying military grade shipping containers for the United States Armed Forces, which they agreed to assign and sell to Plaintiff, in accordance with the Federal Acquisition Regulations ("FAR"). These federal laws govern the U.S. Department of Defense's

procurement of the materials and goods; these FAR specify in great detail the procurement requirements which the parties were required to meet. They specify the conditions for fulfilling the agreement between Plaintiff and Defendants.

2. Plaintiff's Original Complaint (D.E. 1) alleges federal jurisdiction based on both federal question and diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

3. Defendants have moved to dismiss the Complaint (D.E. 5), alleging for failure to allege subject matter jurisdiction. Fed. R. Civ. P. 8(a)(1) and 12(b)(6).

## II. LEGAL STANDARD

4. To defeat a motion to dismiss, a plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Casualty Co.*, 495 F.3d 232, 237 (5th Cir. 2007).

5. In this case, however, Defendants have agreed in writing to jurisdiction and venue in the U.S. District Court for the Southern District of Texas. See Exhibit A to this Response: the Asset Purchase Agreement between the parties. (*See infra*, Exhibit B, paragraph 11). Should further argument or authorities be necessary, Plaintiff pleads as follows.

## III. ARGUMENT

### A. Plaintiff has sufficiently pleaded federal question jurisdiction

6. The Federal Rules of Civil Procedure require only a "short and plain statement of the grounds on which the court's jurisdiction depends." Fed. R. Civ. P.

2

8(a)(1).  Federal subject matter jurisdiction exists in cases that "aris[e] under the Constitution, laws or treaties of the United States.  28 U.S.C. § 1331.  An action is said to "arise under" federal law within the meaning of Section 1331 if a federal law is an ingredient of the action or when the allegations involve a disputed question of federal law or require resolution of a substantial federal question.  *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983)).

7. In this case, Plaintiff has pleaded a short and plain statement regarding the basis of this Court's jurisdiction.  Plaintiff pleaded that jurisdiction is proper in this Court under 28 U.S.C. § 1331, because Plaintiff's Complaint and causes of action arise under the laws of the United States, and they involve questions of federal law, including 41 U.S.C.S. § 3101 *et seq.* and related federal laws and regulations. (D.E. 1 at ¶ 5).

8. Plaintiff also alleges facts throughout its Complaint that give rise to federal question jurisdiction.  Plaintiff alleges that federal laws and regulations govern federal government acquisitions and the U.S. Government's procurement programs, including government programs to assist disabled workers, such as the Ability One program, which creates preferences for the visually impaired workers employed by Plaintiff. (D.E.. 1 at ¶ 5).

9. Additionally, the Complaint states that the subject matter of this action involves procurement contracts with the Government of the United States.  (D.E. 1 at ¶ 8).  It states that the contracts "are enforceable under federal procurement laws, and regulated by such laws, including Federal Acquisition Regulation 8.405-3 and 52.212-4, and General

Services Administration Federal Supply Schedule Contract GS-02F-0238X." (D.E. 1 at ¶ 8).

10. These facts, taken as true, provide at least a plausible basis for jurisdiction. Thus, Plaintiff has met its burden of pleading a claim arising under Federal law, and establishing the jurisdiction of this Court.

### B. Plaintiff has sufficiently pleaded diversity jurisdiction

11. Federal subject matter jurisdiction is also established when the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § 1332.

12. Again, in accordance with Rule 8(a)(1), Plaintiff has alleged jurisdiction diversity because Plaintiffs and Defendants are citizens of different states, and the amount in controversy far exceeds $75,000. (D.E. 1 at ¶ 5).

13. Plaintiff is a Texas non-profit corporation. (D.E. 1 at ¶ 2). Defendant Federal Supply Services International LLC is a Delaware Limited Liability Company registered in the state of Ohio. (D.E. 1 at ¶ 3). The Complaint states: "Defendant FSSI may be served with citation by serving Defendant's registered agent for service of citation at Federal Supply Services International, LLC, Attention: William Rally Baldridge, 1001 Harrisonville Avenue, New Boston, Ohio 45662; or at Post Office Box 1322, Portsmouth, Ohio 45662; or at 708 Fairground Road, Lucasville, Ohio 45648, or other proper method of service under the Federal Rules or Civil Rules of Civil Procedure." (D.E. 1 at ¶ 3). It also states that "Defendant Glen M. Baldridge may be served with citation individually at

the same address or addresses, or at Glen M. Baldridge, An Der Lohmuhle 14, Ober Moerlen, 61239, Frankfurt, Germany, or wherever he may be found." (D.E. 1 at ¶ 3).

14. To the best of Plaintiff's knowledge, the only known members of Defendant FSSI are William Rally Baldridge and Defendant Glen M. Baldridge, who are citizens of Ohio or Germany – and no Defendant is a citizen of Texas. This is the substance of Plaintiff's averment of diversity jurisdiction is short, plain, and adequate. Therefore, Plaintiff has alleged diversity of citizenship, and Defendants' Motion should be denied.

### C. Even if Plaintiff has not sufficiently pleaded subject matter jurisdiction, Plaintiff is entitled to cure any pleading deficiencies

15. Alternatively, defects in jurisdictional allegations may be corrected pursuant to 28 U.S.C. § 1653: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

16. Defendants argue that Plaintiff has failed to include allegations regarding the citizenship of each of Defendant Federal Supply Services International LLC's members. However, as discussed above, Plaintiff has alleged specific facts regarding diversity of citizenship of Plaintiff and Defendants. Nevertheless, if such facts are found to be insufficient, any defect would be cured by repleading. *See M-I, LLC v. Enventives, LLC*, 2018 U.S. Dist. LEXIS 88449, at *3-*4 (S.D. Tex. Apr. 26, 2018).

17. Plaintiff pleads that it is a citizen of Texas, while all Defendants are shown to be citizens of either Ohio or Germany. Defendants have not denied the accuracy of Plaintiff's allegation that Plaintiff and Defendants are citizens of different states.

Moreover, Defendants have not argued lack of diversity that necessitates dismissal under Rule 12(b)(1); instead, they base their motion to dismiss on Rule 12(b)(6).

18. As such, any defective allegation of diversity jurisdiction by Plaintiff may be cured by repleading, if necessary. However, Defendants' Motion to Dismiss should be denied.

## IV. CONCLUSION

Based on the foregoing facts and argument, Plaintiff requests that the Court deny Defendants' motion to dismiss for failure to adequately plead subject matter jurisdiction. In the alternative, should the Court grant Defendants' motion, Plaintiff requests leave to file an amended complaint to cure any pleading deficiencies.

Respectfully submitted,
**WOOD, BOYKIN & WOLTER, P.C.**
Of Counsel

By: */s/Frederick J. McCutchon*
Frederick J. McCutchon
**Attorney in Charge**
Federal I.D. No. 9245
State Bar No. 13512800
Daniel O. Gonzalez
Federal I.D. No. 753307
State Bar No. 24051691
615 N. Upper Broadway, Suite 1100
Corpus Christi, Texas 78477
(361) 888-9201
(361) 888-8353 (facsimile)
fjm@wbwpc.com

**ATTORNEYS FOR PLAINTIFF
SOUTH TEXAS LIGHTHOUSE FOR
THE BLIND**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 11th day of October, 2019, a true and correct copy of the foregoing has been forwarded to all parties as indicated below.

**Via Email: mikew@novaiplaw.com**
Michael C. Whitticar
7420 Heritage Village Plaza
Suite 101
Gainesville, Virginia 20155

**Via Email:  robregon@coplawfirm.com**
Rene L. Obregon
Chaves, Obregon & Perales, LLP
802 N. Carancahua, Suite 2100
Corpus Christi, Texas 78401

                                            */s/ Frederick J. McCutchon*
                                            Frederick J. McCutchon

3886-10\19 Plf Resp to Mtn to Dismiss 1011-12 -24