UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS LIGHTHOUSE FOR THE BLIND, INC. | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-193 |
| FEDERAL SUPPLY SERVICES INTERNATIONAL LLC; and GLEN M. BALDRIDGE, INDIVIDUALLY, | § § § § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § § § | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO ADEQUATELY PLEAD SUBJECT MATTER JURISDICTION

**COME NOW**, Federal Supply Services International LLC and Glen M. Baldridge (hereinafter, "Defendants"), Defendants herein, pursuant to Fed. R. Civ. P. 8(a)(1) and 12(b)(6), and respectfully submit this *Reply in Support of Defendants' Motion to Dismiss* Plaintiff's Complaint for failing to adequately plead subject matter jurisdiction.

Plaintiff's Complaint fails to adequately plead federal question jurisdiction because breach of contract and similar disputes between contractors and subcontractors under federal government contracts are state-law issues and do not create federal question jurisdiction, even if federal law must be applied or interpreted to determine who prevails on the state-law claims.

Plaintiff's complaint fails to adequately plead diversity jurisdiction because it fails to identify the member or members of Defendant Federal Supply Services International LLC.

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to plead in its Complaint a "short and plain statement of the grounds on which the court's jurisdiction depends." Under Rule 12(b)(6), to survive a motion to dismiss, a Complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief which is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Breach of contract and similar disputes between contractors and subcontractors under federal government contracts are state-law issues and do not create federal question jurisdiction. *FastMetrix, Inc. v. ITT Corp.*, 924 F. Supp.2d 668, 673 (E.D. Va. 2013). Plaintiff does not cite a single case to the contrary that involves contract or commercial disputes between a government contractor and its subcontractor and holds that those disputes present a federal question.

Rather, these are state-law claims and do not create federal question jurisdiction even if the federal acquisition regulations ("FAR") or other federal laws must be interpreted or applied to determine whether the contract was breached or who will prevail on the state-law claims. *Kostmayer Constr., L.L.C. v. M.R. Pittman Group, L.L.C.*, 2007 U.S. Dist. LEXIS 97177, *8, *17-*18 (E.D. La. Dec. 19, 2007); *L-3 Communs. Corp. v. Serco Inc.*, 39 F. Supp. 3d 740, 748 (E.D. Va. 2014) ("Federal jurisdiction [was] not conferred simply because a contract-driven claim involve[d] federal regulations, such as [Federal Acquisition Regulations], or because the contracts [were] 'federal in nature.'"). *See also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction); *Till v. Unifirst Federal Savings and Loan Assoc.*, 653 F.2d 152, 156, n.2 (5th Cir. 1981) (claim does not arise under the laws of the United States if the relief sought is based entirely upon a state cause of action in which the regulations established by federal statute are used merely as evidence of the right to recover under state law).

In fact, of the Consulting Agreement attached to Plaintiff's opposition as Exhibit A expressly states that the Agreement and the parties' transactions "shall be governed, construed and enforced in accordance with the laws of the State of Texas, and shall be treated in all respects as a

State of Texas contract, without regard to any state's laws related to choice or conflict of laws." Consulting Agreement, ¶11. No mention whatsoever is made of any federal laws or regulations. Thus, Plaintiff expressly contracted for the application of state law.

For all of these reasons, Plaintiff has failed to adequately plead any basis for the exercise of federal question jurisdiction in this case.

Similarly, Plaintiff's Complaint fails to adequately plead diversity jurisdiction because it fails to name or identify the member or members of the Defendant limited liability company – Federal Supply Services International LLC. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *SFF-TIR, LLC v. Stephenson*, 2017 U.S. Dist. LEXIS 62790 (N.D. Ok. April 25, 2017); *see also,* 13F. Charles Allen Miller et al., Federal Practice & Procedure: *Jurisdiction* § 3630 (3rd ed. 2017); *Harvey v. Grey Wolf Drilling Co.*, 592 F.3d 1077, 1080 (5th Cir. 2008).

Lack of subject matter jurisdiction is a defect which can be raised at any time, including by the court *sua sponte* or of its own volition. In fact, each court has responsibility to review its own subject matter jurisdiction or the subject matter jurisdiction of the court whose decision it is reviewing. *Rolling Greens*, 374 F.3d at 1021.

Here, Plaintiff's Complaint does not even attempt to identify the member or members of Defendant Federal Supply Services International LLC. Therefore, the Complaint does not provide or contain sufficient facts to determine whether complete diversity of citizenship exists and has not sufficiently demonstrated or pled the existence of subject matter jurisdiction. *Rolling Greens*, 374 F.3d at 1021-1022. *See also MidCap Media Fin., LLC v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) ("because MidCap is an LLC, the pleadings needed to identify MidCap's members and

allege their citizenship"). It is not sufficient for the Plaintiff to plead diversity in general terms without pleading the supporting facts by identifying each member of the LLC and his or her citizenship. (*Id*).

In conclusion, Plaintiff's Complaint is due to be dismissed for failing to plead facts sufficient to establish subject matter jurisdiction, either federal question jurisdiction or diversity jurisdiction.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Federal Supply Services International LLC and Glen M. Baldridge respectfully pray that their *Motion to Dismiss for Failure to Adequately Plead Subject Matter Jurisdiction* be granted, that the Court enter an Order of Dismissal and that the Court award such other and further relief to which Defendants Federal Supply Services International LLC and Glen M. Badridge may be justly entitled and for which they will ever pray.

Respectfully submitted,

By: */s/ Michael C. Whitticar*
Michael C. Whitticar, VSB No. 32968
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Attorney for Defendants*

**ATTORNEY–IN–CHARGE FOR DEFENDANTS FEDERAL SUPPLY SERVICES INTERNATIONAL, LLC and GLEN M. BALDRIDGE**

-and-

**Rene L. Obregon**
State Bar No. 24005445
Southern Bar District ID No. 33188
Email: robregon@coplawfirm.com

**CHAVES, OBREGON & PERALES, L.L.P.**
802 N. Carancahua, Suite 2100
Corpus Christi, Texas 78401
(361) 884-5400
(361) 884-5401 Facsimile
*Attorneys for Defendants*

## NOTICE OF ELECTRONIC FILING

The undersigned Counsel of record certifies he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Filing System of the Southern District of Texas on the 18th day of October, 2019.

    /s/ Rene L. Obregon
    Rene L. Obregon

## CERTIFICATE OF SERVICE

This is to certify that on this the 18th day of October, 2019 a copy of the foregoing was sent to the following Counsel of record.

Frederick J. McCutchon
Daniel O. Gonzalez
Wood, Boykin & Wolter, P.C.
615 N. Upper Broadway, Suite 1100
Corpus Christi, Texas 78477
(361) 888-9201
(361) 888-8353 (facsimile)
Email: fjm@wbwpc.com

    /s/ Rene L. Obregon
    Rene L. Obregon