IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SOUTH TEXAS LIGHTHOUSE FOR THE BLIND, INC. | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) | Case No. 2:19-CV-193 |
| FEDERAL SUPPLY SERVICES INTERNATIONAL LLC, AND GLEN M. BADRIDGE, INDIVIDUALLY, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendant.* | ) ) ) | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COME NOW**, Defendants Federal Supply Services International LLC ("FSSI") and Glen M. Baldridge, Individually, by Counsel (collectively, "Defendants"), and hereby files their Original Answer and Affirmative Defenses responding to the allegations set out in Plaintiff South Texas Lighthouse for the Blind, Inc.'s ("STLB") First Amended Complaint stating as follows:

## ANSWER AS TO PARTIES

1. Defendants are without knowledge or information sufficient to admit or deny the factual allegations contained in paragraph 1.

2. Defendants are without knowledge or information sufficient to admit or deny the factual allegations contained in paragraph 2.

3. Defendants admit the factual allegations of paragraph 3.

4. Defendants admit the factual allegations of paragraph 4.

5. Defendants deny the factual allegations of paragraph 5. and assert that all of the relevant purchase orders and invoices were between Plaintiff and Defendant FSSI. Accordingly, Defendants assert that Defendant Glen M. Baldridge is not a proper Defendant in this Case.

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 1**

## ANSWER AS TO JURISDICTION AND VENUE

6. Defendants admit that this Court has jurisdiction over this matter. The remainder of the allegations in paragraph 6. state conclusions of law to which no response is required.

7. Defendants deny the factual allegations contained in paragraph 7 and assert that Plaintiff failed to timely serve its discovery requests.

8. Defendants deny the factual allegations contained in paragraph 8 and instead, assert that this dispute is governed by purchase orders and invoices from the sale of goods – not the Assert Purchase Agreement.

9. Defendants deny the factual allegations contained in paragraph 9.

10. Defendants deny the factual allegations contained in paragraph 10 and assert that Plaintiff's claim is based on purchase orders and invoices between Plaintiff and FSSI – to which neither Defendant Glen M. Baldridge nor the federal government are or were ever parties.

## ANSWER AS TO "BREACH OF CONTRACT"

11. Defendants admit that the Teaming Agreement and Asset Purchase Agreement were signed by the signatories thereto and are the best evidence of their own contents. Otherwise, Defendant deny the factual allegations contained in paragraph 11.

12. Defendants deny that Defendants were not permitted to sell, or solicit the sale, of products or related assets to any government body without specific authorization of Plaintiff. Denied for lack of sufficient knowledge and information that Defendants had far greater knowledge and skill in these acquisition contracts and that Defendant Baldridge was essentially the only person in the parties' relationship who had personal access to individuals within the procurement process. Denied for lack of sufficient knowledge and information that Defendant Baldridge was greatly more experienced than Plaintiff in the entire business venture. Denied for lack of sufficient

knowledge and information that Plaintiff justifiably relied on the far greater knowledge and experience of Defendants and that Plaintiff relied on the longstanding relationship of Defendant Baldridge in the procurement process.  Denied that the contracts with the federal government also furthered Defendants' business interests in that Plaintiff compensated Defendants for their services.  Admitted that Plaintiff paid the consideration due for the sale by initially allowing Defendants to retain a portion of Plaintiff's sales.  Denied that Defendants benefitted by their association with Plaintiff, because the United States government and its agencies foster the Ability One program, which is designed to employ individuals with disabilities, including those with visual impairments, many of whom are employed by Plaintiff.  Denied for lack of sufficient knowledge and information that Plaintiff's core mission is to employ individuals with visual impairments to perform work and have gainful employment.  Denied for lack of sufficient knowledge and information that the contracts' requirements fulfilled governmental requirements for employing disadvantaged workers.  Denied that Defendants sought out Plaintiff because of Plaintiff's mission to employ disadvantaged workers.  Denied that Plaintiff provided a separate benefit to Defendants, because their association improved the Defendants' standing with the Ability One program and, thus, improved Defendants' business model.  Admitted only that the Teaming Agreement and Asset Purchase Agreement were signed by the signatories thereto and are the best evidence of their own contents.  Otherwise, denied that Defendants duty to convey the assets to Plaintiff remains.

13. Defendants deny the factual allegations contained in paragraph 13.

14. Defendants deny the factual allegations contained in paragraph 14.

## ANSWER AS TO "INJUNCTIVE RELIEF"

15. Defendants admit only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified or any other relief. Otherwise, denied.

16. Defendants deny the factual allegations contained in paragraph 16.

## ANSWER AS TO "DECLARATORY JUDGMENT"

17. Defendants admit only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified or any other relief. Otherwise, denied.

18. Defendants deny the factual allegations contained in paragraph 18.

19. Defendants admit only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified or any other relief. Otherwise, denied.

20. Defendants deny the factual allegations contained in paragraph 20.

21. Defendants admit only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified or any other relief. Otherwise, denied.

22. Defendants admit only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified or any other relief. Otherwise, denied.

## ANSWER TO "PRAYER"

23. Defendants admit only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified or any other relief. Otherwise, denied.

## AFFIRMATIVE DEFENSES

24. **Discharge Through Prior Material Breach.** Plaintiff committed the first and prior material breaches of the parties' agreements and induced them by fraud. Plaintiff promised and agreed, without the intent to perform, to get its own production equipment and facility but then failed to do so. Plaintiff promised and agreed, without the intent to perform, to start selling direct to the military but failed to do so. Plaintiff improperly insisted on unjustified price increases to the

federal government which were not permissible under the FAR, the FSSI GSA schedule and FSSI's government contracts. Plaintiff violated FSSI's exclusivity by Plaintiff making commercial sales to other, non-defense government agencies, and also by sales to other commercial contractors and private companies. Plaintiff broke its promises and agreements made, without the intent to perform, to pay commissions to FSSI and Baldridge on all sales not made through FSSI and Baldridge. Plaintiff induced Defendants' agreements and performance by fraud. FSSI's fraud and prior material breaches discharge Defendants from any contractual or legal obligations they otherwise would have had to Plaintiff. Defendants suffered damages from Plaintiff's fraud and breaches of contract that equal or exceed the amounts pled and sought by Plaintiff in its Complaint.

25. **Fraud.** Plaintiff committed the first and prior material breaches of the parties' agreements and induced them by fraud. Plaintiff promised and agreed, without the intent to perform, to get its own production equipment and facility but then failed to do so. Plaintiff promised and agreed, without the intent to perform, to start selling direct to the military but failed to do so. Plaintiff improperly insisted on unjustified price increases to the federal government which were not permissible under the FAR, the FSSI GSA schedule and FSSI's government contracts. Plaintiff violated FSSI's exclusivity by Plaintiff making commercial sales to other, non-defense government agencies, and also by sales to other commercial contractors and private companies. Plaintiff broke its promises and agreements made, without the intent to perform, to pay commissions to FSSI and Baldridge on all sales not made through FSSI and Baldridge. Plaintiff induced Defendants' agreements and performance by fraud. FSSI's fraud and prior material breaches discharge Defendants from any contractual or legal obligations they otherwise would have had to Plaintiff. Defendants suffered damages from Plaintiff's fraud and breaches of contract that equal or exceed the amounts pled and sought by Plaintiff in its Complaint.

26. **Set-off and Recoupment.** Plaintiff committed the first and prior material breaches of the parties' agreements and induced them by fraud. Plaintiff promised and agreed, without the intent to perform, to get its own production equipment and facility but then failed to do so. Plaintiff promised and agreed, without the intent to perform, to start selling direct to the military but failed to do so. Plaintiff improperly insisted on unjustified price increases to the federal government which were not permissible under the FAR, the FSSI GSA schedule and FSSI's government contracts. Plaintiff violated FSSI's exclusivity by Plaintiff making commercial sales to other, non-defense government agencies, and also by sales to other commercial contractors and private companies. Plaintiff broke its promises and agreements made, without the intent to perform, to pay commissions to FSSI and Baldridge on all sales not made through FSSI and Baldridge. Plaintiff induced Defendants' agreements and performance by fraud. FSSI's fraud and prior material breaches discharge Defendants from any contractual or legal obligations they otherwise would have had to Plaintiff. Defendants suffered damages from Plaintiff's fraud and breaches of contract that equal or exceed the amounts pled and sought by Plaintiff in its Complaint.

27. **Frustration of Purpose and Impossibility.** STLB frustrated the intention of the parties and frustrated the purposes of their agreements and rendered it impossible for FSSI and Baldridge to make sales or otherwise perform by not obtaining the promised production facility and equipment and by insisting on legally and contractually impermissible price increases to the federal government.

## JURY DEMAND

28. Defendants hereby make their request for a Jury trial.

## PRAYER

29. **WHEREFORE, PREMISES CONSIDERED**, Defendants Federal Supply Services International LLC and Glen M. Baldridge respectfully pray that Plaintiff take nothing by reason of this suit and that Defendants Federal Supply Services International LLC and Glen M. Baldridge recover their costs without delay, as well as for such other and further relief, both general and special, at law and in equity, to which Defendants Federal Supply Services International LLC and Glen M. Baldridge may show themselves to be justly entitled and for which they will ever pray.

Respectfully Submitted,


By: */s/ Michael C. Whitticar*
Counsel

Michael C. Whitticar, VSB No. 32968
7420 Heritage Village Plaza, Suite 101
Gainesville, VA 20155
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Attorney for Defendants*

**ATTORNEY–IN–CHARGE FOR DEFENDANTS FEDERAL SUPPLY SERVICES INTERNATIONAL, LLC and GLEN M. BALDRIDGE**

-and-

**Rene L. Obregon**
State Bar No. 24005445
Southern Bar District ID No. 33188
Email: robregon@coplawfirm.com
**CHAVES, OBREGON & PERALES , L.L.P.**
802 N. Carancahua, Suite 2100
Corpus Christi, Texas  78401
(361) 884-5400
(361) 884-5401 Facsimile
*Attorneys for Defendants*

## NOTICE OF ELECTRONIC FILING

The undersigned Counsel of record certifies he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 6th day of December, 2019.

*/s/ Rene L. Obregon*
Rene L. Obregon

## CERTIFICATE OF SERVICE

This is to certify that on this the 6th day of December, 2019 a copy of the foregoing Answer, and Affirmative Defenses to Plaintiff's First Amended Complaint was sent to the following Counsel of record.

Frederick J. McCutchon
Daniel O. Gonzalez
Wood, Boykin & Wolter, P.C.
615 N. Upper Broadway, Suite 1100
Corpus Christi, Texas 78477
(361) 888-9201
(361) 888-8353 (facsimile)
Email: fjm@wbwpc.com

*/s/ Rene L. Obregon*
Rene L. Obregon