Case 2:19-cv-00193   Document 55   Filed on 08/28/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SOUTH TEXAS LIGHTHOUSE FOR THE BLIND, INC., § § § Plaintiff, § VS. § FEDERAL SUPPLY SERVICES INTERNATIONAL, LLC, *et al*, § § § § Defendants. § | CIVIL ACTION NO. 2:19-CV-193 |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff South Texas Lighthouse for the Blind (Lighthouse) sued Defendants Federal Supply Services, International, LLC (FSSI) and Glen M. Baldridge (Baldridge) for breach of contract damages, along with injunctive and declaratory relief, arising out of a business transaction that fell apart.  D.E. 13.  Defendants answered, denying Lighthouse's allegations and asserting affirmative defenses of discharge through a prior material contract breach by Lighthouse, fraud, set-off and recoupment, and frustration of purpose and impossibility.  D.E. 16.

Before the Court is Lighthouse's Motion for Partial Summary Judgment (D.E. 28), seeking judgment on its breach of contract claim.  Defendants responded (D.E. 41), complaining that Lighthouse has not attempted to overcome their defenses, and attaching summary judgment evidence in support of those defenses.  Lighthouse replied (D.E. 47), objecting to Defendants' summary judgment evidence and offering additional evidence of

its own. For the reasons set out below, the motion for partial summary judgment is DENIED.

## STANDARD OF REVIEW

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.,* 278 F.3d 448, 451 (5th Cir. 2002). The court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "[T]he substantive law will identify which facts are material. Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451.

## FACTS AND EVIDENTIARY OBJECTIONS

Defendants have raised a number of defenses to this action and have briefed them in response to the motion for partial summary judgment. The motion is a narrow one and it can be adjudicated without addressing all of the defensive issues raised. Therefore, the Court's analysis is restricted to the issues that are dispositive of the motion.

It is undisputed that the parties entered into an Asset Purchase Agreement (APA) on July 31, 2013. D.E. 28-2. Attached to the APA are two additional agreements: the Assignment and License Agreement and the Consulting Agreement. *Id*. Pursuant to the APA, Lighthouse bought a number of assets from Defendants, including:

- An exclusive license and right to sell certain products to governmental bodies; and
- An assignment of FSSI's United States General Services Administration (GSA) Contract No. GS-02F-0238X (Government Contract).

D.E. 28-2, ¶ 1.

The APA expressly notes that assignment of the Government Contract is subject to GSA approval and that it is Lighthouse's duty to obtain that approval prior to the closing date of the sale. If Lighthouse did not obtain the approval necessary for assignment of the Government Contract by the closing date for the APA, it had the option of

terminating the APA or proceeding with the purchase of the assets. D.E. 28-2, ¶ 2. It is undisputed that Lighthouse did not obtain the approval prior to the closing date and opted to close on the sale without it.

For some time, FSSI took purchase orders for the products from GSA and submitted those purchase orders to Lighthouse for fulfillment. D.E. 28-1, ¶ 4. When GSA paid FSSI for the products, FSSI paid Lighthouse. *Id*. However, Lighthouse later learned that Defendants were accepting and fulfilling GSA orders without notifying, involving, or paying Lighthouse. *Id*., ¶ 6. Lighthouse bases this contention on reports of sales obtained through its Haystack Gold data service, which are attached as an exhibit to the summary judgment motion. *Id*., ¶¶ 7-8.

Defendants object to this evidence as hearsay and not subject to any business records exception because the Haystack Reports are not generated by, or obtained from, a governmental website and are not records of Lighthouse's business. D.E. 41, ¶ 11. Lighthouse responds, claiming that the information falls under Federal Rule of Evidence 803(17) because the Haystack Reports are generally relied on by persons selling products to the government. *See* D.E. 28-1; 47. Lighthouse supports those assertions with an additional affidavit, which further asserts that the Haystack Reports comport with information Lighthouse obtained through a Freedom of Information Act request. D.E. 47, ¶¶ 21-22; 41, ¶ 4.

Arguments and evidence raised for the first time in a summary judgment reply are to be considered only if the Court gives the non-movant an opportunity to respond to the new material. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). Because other

issues preventing summary judgment render this effort futile, the Court declines to provide such an opportunity to respond, which would only delay the disposition of the motion. Consequently, the Court disregards the new arguments and evidence regarding the Freedom of Information Act request results. The Court OVERRULES Defendants' objection because they have not controverted Wells' testimony that the Haystack Reports are commercial reports generally relied on by persons in his occupation.

While nothing in the APA addresses its purpose other than the transfer of assets, the parties appear to agree that its purpose was to get the products on the Federal Procurement List to increase sales to the federal government by taking advantage of the federal government's Ability One program. That program provides set-aside or preferences for businesses providing jobs for the disabled. According to Lighthouse, Defendants failed to assist its efforts to qualify for that program, as promised in the Consulting Agreement. According to Defendants, Lighthouse failed to construct the necessary facilities to reduce costs and meet the expected demand and failed to timely apply for or get approved for the Ability One program.

Defendants also assert that, after December 2, 2016, Lighthouse refused to continue to supply the products under the Government Contract unless the purchase price was increased. D.E. 41-1 (Affidavit of Baldridge), ¶ 8. FSSI could not increase the prices because they were determined by a Blanket Purchase Agreement, which Lighthouse had agreed to follow in its separate Teaming Agreement with FSSI. *Id*.; D.E. 41-2, p. 2 (Teaming Agreement, agreeing to sell at the current GSA schedule prices); 41-3 (Blanket Purchase Agreement, setting GSA pricing). While Lighthouse objects that the

Teaming Agreement and Blanket Purchase Agreement had not previously been produced, the discovery deadline has not yet passed. D.E. 50. This, alone, presents no obstacle to their admissibility.

Lighthouse objects to Baldridge's affidavit, claiming that it is vague and general and based on hearsay. It further asserts that it has controverted its contents, citing the Affidavit of David Wells. With respect to the claim that Lighthouse demanded a price increase, the Baldridge affidavit gives a general date range and lists the person or persons representing Lighthouse that made the representations or caused them to be made. Baldridge's testimony is sufficiently specific. Because it is based on statements made by representatives of Lighthouse, it addresses admissions of a party opponent, an exception to the hearsay rule. Fed. R. Civ. P. 801(d)(2). And nothing in Lighthouse's evidence directly controverts Defendants' claim that Lighthouse refused to continue to supply the products without a price increase. The objections are OVERRULED.

## DISCUSSION

Under Texas law, a breach of contract action requires proof of four elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). The parties agree that, when executed, the APA was a valid contract, satisfying the first element. Lighthouse's motion asserts damages, but seeks partial summary judgment on liability, only. Therefore, the Court does not address the fourth element. Adjudication of the motion requires evaluating the evidence only as to

the second element (Lighthouse's performance) and, if that element is satisfied, the third element (Defendants' breach).

In its motion, Lighthouse states in conclusory terms that it "performed in accordance with the Agreement." D.E. 28, ¶ 12. The only evidence Lighthouse offers to support its claim that it performed its duties under the contract is the Affidavit of David Wells. D.E. 28-1. The affidavit recounts that the parties engaged in some sales and were paid appropriately for a while, but it does not address Defendants' assertion that Lighthouse breached the contract.

According to Defendants, Lighthouse did not perform its duties but rather breached the contract first, precluding Lighthouse from recovering on its breach of contract claim. In that respect, Defendants assert that Lighthouse failed in its duty to get the consent of the federal government to transfer the Government Contract. D.E. 41, p. 2. Without that consent, Defendants claim that they could not release the products as Lighthouse complains. 41 U.S.C. § 6305(a) (prohibiting transfer of a government contract). And by closing on the APA without getting that consent, Lighthouse waived any right to enforce an obligation to transfer the Government Contract.

Defendants also assert that Lighthouse insisted on impermissible and impossible price increases, in violation of the Blanket Purchase Agreement and the Teaming Agreement and repudiating its duties under the APA. D.E. 41, p. 3; 41-1; 41-2; 41-4. In so doing, it refused to continue to supply orders under the Government Contract. This evidence raises a disputed issue of material fact with respect to whether Lighthouse performed under the APA. Therefore, without reaching the issue of Defendants' breach,

Lighthouse is not entitled to summary judgment as a matter of law on its breach of contract theory.

## CONCLUSION

For the reasons set out above, the Court DENIES Plaintiff's motion for partial summary judgment (D.E. 28).

ORDERED this 28th day of August, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE