United States District Court
Southern District of Texas
**ENTERED**
August 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SOUTH TEXAS LIGHTHOUSE FOR THE §
BLIND, INC., §
§
     Plaintiff, §
§
VS. §   CIVIL ACTION NO. 2:19-CV-193
§
FEDERAL SUPPLY SERVICES §
INTERNATIONAL, LLC, *et al*, §
§
     Defendants. §

## ORDER ON EMERGENCY MOTION FOR TEMPORARY RELIEF

Plaintiff South Texas Lighthouse for the Blind, Inc. (Lighthouse) filed suit against Defendants Federal Supply Services International, LLC (FSSI) and Glen M. Baldridge (Baldridge) asserting claims for breach of contract, along with requests for injunctive and declaratory relief, arising out of a business transaction that fell apart. D.E. 13. Defendants answered, denying Lighthouse's allegations and asserting affirmative defenses of discharge through a prior material contract breach by Lighthouse, fraud, set-off and recoupment, and frustration of purpose and impossibility. D.E. 16.

Before the Court is Lighthouse's Motion for Temporary Restraining Order and Temporary Injunction, seeking to prevent Defendants from transferring any assets prior to the resolution of this case. D.E. 30. After conducting an emergency hearing on the matter, the Court entered its Order setting a schedule for additional briefing. D.E. 37. Lighthouse and Defendants timely filed their respective briefs. D.E. 39, 46, 48. For the reasons set out below, the Court DENIES the motion.

## DISCUSSION

Lighthouse's motion seeks emergency relief because:  (1) Baldridge is selling his business, with an imminent closing on the transaction planned; (2) Defendants are engaging in discovery abuse and/or are misrepresenting facts regarding their sales figures; and (3) Baldridge, a German resident, is being assisted by his counsel, who has not been admitted to practice before this Court, to liquidate assets with foreign investors for the purpose of preventing Lighthouse from recovering on any judgment it may obtain in this case.  D.E. 30.  Lighthouse seeks to prevent Defendants from selling any assets until after this action is resolved.

Preliminary injunctive relief requires proof of: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest.  Fed. R. Civ. P. 65; *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013).

**Substantial likelihood of success on the merits**.  Lighthouse refers the Court to its motion for partial summary judgment (D.E. 28) as proof of its likelihood of success. As set out in a separate Order, the Court has denied that motion because Defendants have raised substantial issues of material fact on whether Lighthouse performed under the contract on which it predicates its breach of contract claims.  Lighthouse, by not prevailing on its motion for partial summary judgment, has failed to satisfy the requirement to show a substantial likelihood of success on the merits.

**Irreparable injury**.  Lighthouse claims irreparable injury because Defendants planned to make a sale of undisclosed assets in an imminent closing, which it argues would constitute a fraudulent transfer.  Defendants' resulting ability to evade Lighthouse's collection efforts, it contends, would constitute a threat of irreparable injury.  The evidence, however, was too vague to support a finding that any particular assets of any value were being sold.  Rather, Defendants' counsel assured the Court that the closing referred to in the nonspecific email supplied by Lighthouse had been canceled.  Indeed, there is no evidence that it, in fact, occurred, and the date of the contemplated closing has since passed.  And Defendants have further supplied evidence that no business transaction within their contemplation will include the sale of FSSI or its assets, including the GSA contract involved in their dispute with Lighthouse.  *See* D.E. 46-1, ¶¶ 20-22.

Neither has Lighthouse alleged a claim for fraudulent transfer in its complaint and the deadline for pleading amendments has passed.  D.E. 10, 12.  For this reason, *Sargeant v. Al Saleh*, 512 S.W.3d 399, 415 (Tex. App.—Corpus Christi 2016, no pet.), on which Lighthouse relies, is not helpful.  In *Sargeant*, the court acknowledged that "a temporary injunction cannot be used to secure the legal remedy of damages by freezing assets unrelated to the subject matter of the suit."  *Id*.  However, the *Sargeant* plaintiff had alleged a fraudulent transfer claim in its petition and had supported that claim by tracing an equitable claim in particular property to the property sought to be frozen.  Lighthouse has not properly alleged such a claim and it has supplied no evidence to link all of Defendants' assets to any property at issue in this case.

Lighthouse's recital of a fraudulent transfer claim in its motion is not equivalent to pleading it.  And even if it were considered a pleading, it is impermissibly conclusory. For instance, Lighthouse does not plead or submit evidence to support a finding of Defendants' actual intent to hinder, delay, or defraud Lighthouse (including any of the laundry list of factors that can supply circumstantial evidence of such intent).  *See* Texas Uniform Fraudulent Transfer Act (TUFTA), Tex. Bus. & Com. Code § 24.005(a)(1), (b)(1-11). Neither does it plead or prove that any transaction was for less than reasonably equivalent value, leaving Defendants with insufficient assets to pay their creditors.  *See* TUFTA § 24.005(a)(2)(A), (B).  Defendants specifically deny insolvency or any intent to sell assets below fair market value.  D.E. 46-1, ¶¶ 23, 24.

Lighthouse suggests that, without Court intervention, its ability to collect on a potential judgment will be more expensive and may prove futile.  Lighthouse supplies no authority for taking control of Defendants' business under this theory.  Neither does it submit evidence in support of its claims.  Rather than being harmful, Defendants argue, liquidating assets in such situations may make collection of a money judgment easier. D.E. 42, p. 31.

Lighthouse complains of discovery abuse without submitting evidence of discovery requests or responses to substantiate the assertions of abuse.  Even if it had, appropriate sanctions would not include controlling the Defendants' personal assets that were not the subject of the litigation.  *Netsphere, Inc. v. Baron*, 703 F.3d 296, 311 (5th Cir. 2012) (disapproving taking control of a vexatious litigant's unrelated assets as a manner of controlling the docket).

4 / 7

Last, Lighthouse complains that Defendants' counsel has not been admitted to practice before this Court.   While it is unclear how that might support the relief requested, it is no longer an issue.   Since that complaint was made, Mr. Whitticar has been admitted to appear pro hac vice in this case.   D.E. 36.   Lighthouse has failed to demonstrate a threat of irreparable injury from Defendants' business transactions.

**Balance of injury to Plaintiff and damage to Defendant**.   Plaintiff asserts in conclusory terms that the balance of harms weighs in its favor.   According to the Fifth Circuit, however, a court does not have the power to exercise jurisdiction over property not subject to the claims in the case simply to secure or preserve funds for the satisfaction of a potential later judgment.   *Netsphere,* 703 F.3d at 305-06 (vacating order appointing a receiver to safeguard assets for collection purposes only).   Implied in that holding is that such overreach is excessively harmful to the defendant and not commensurate with the injury to the plaintiff.

It is true that the Court can exercise its jurisdiction over property subject to a complaint in equity.   *See In re 2920 ER, L.L.C.*, 607 Fed. App'x 349 (5th Cir. 2015) (per curiam).   However, Lighthouse has not asserted any equitable claim to specific property in its motion.   And its briefing makes only passing reference to the existence of an arguable equitable claim in its amended complaint.[1]   Nothing in Lighthouse's submission identifies property subject to the Court's injunctive powers or suggests any formulation

---

[1]   Lighthouse notes that the Court identified potential equitable claims in its Order (D.E. 37).   However, the Order required Lighthouse to show that it did, in fact, have such equitable claims to certain assets and then identify the authorities and evidence that support prejudgment injunctive relief as to those assets.   Lighthouse has not accomplished this task and reference to the Court Order is insufficient to support its claims.   Instead, Lighthouse persists in seeking relief as to Defendants' property interests beyond those implicated in this case.   And it does not demonstrate its claim to entitlement to relief as to any particular assets that may be subject to an equitable claim.

of appropriate relief as to that property.  In contrast, Defendants show that no transfer of the GSA contract referenced in the parties' Asset Purchase Agreement can be ordered because it is a federal government contract, the transfer of which is subject to the government's approval.   41 U.S.C. § 6305(a) (prohibiting transfer of a government contract).  No approval has been obtained for any transfer.  D.E. 46-1, ¶ 20.

Instead of demonstrating how this Court may exercise authority over Defendants' business activities, Lighthouse suggests two alternate remedies:  (1) a requirement that Defendants disclose any sales of assets and how they do not impair collection of a potential judgment; and (2) a requirement that Defendants post a bond to secure a potential judgment in the event that they make a sale of assets.  These requests do not overcome the limits on this Court's authority to control a litigant's business interests in property unrelated to any equitable claim in the case.  The potential harm to Defendants outweighs the unsubstantiated allegations of injury to Lighthouse.

**Public interest**.  Lighthouse asserts in only conclusory terms that the public interest will not be disserved by its request for injunctive relief.  The public's interest in due process in the course of litigation will be disserved by this effort to obtain premature relief to which Lighthouse may not show itself entitled, even after trial.  The request to freeze assets for purposes of collection when no judgment has been awarded and no equitable interest in particular assets has been demonstrated simply goes too far.  Lighthouse has not satisfied this requirement for the issuance of injunctive relief.

## CONCLUSION

For the reasons set out above, the Court DENIES Lighthouse's emergency motion

for temporary restraining order and temporary injunction (D.E. 30).

ORDERED this 28th day of August, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE